UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LINDSAY DUNN,<br><br>                Plaintiff,<br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>                Defendant. | CASE NO. C17-0333JLR<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter comes before the court on Defendant BNSF Railway Company's ("BNSF") motion for partial reconsideration. (Mot. (Dkt. # 24).) For the reasons stated below, the court DENIES the motion.

Pursuant to Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and the court will ordinarily deny such motions unless the moving party shows (a) manifest error in the prior ruling, or (b) new facts or legal authority which could not have been brought to the attention of the court earlier with reasonable diligence. Local Rules W.D. Wash. LCR 7(h)(1). In its motion for partial reconsideration, BNSF alleges

ORDER - 1

manifest error in the court's prior ruling. (*See generally* Mot.) Specifically, BNSF contends that the court "appears to have inadvertently overlooked BNSF's request for relief as to the third alleged December 17, 2014, adverse action: the non-offer of alternative handling." (Mot. at 3.) BNSF asks the court to "correct this apparent oversight" and rule that this alleged adverse action is time-barred. (*Id.*)

The court did not overlook the alternative handling claim. In its order, the court considered whether it had subject matter jurisdiction over this claim. (08/25/2017 Order (Dkt. # 22) at 8-10.) But without sufficient information, the court could not resolve this jurisdictional question and accordingly ordered Plaintiff Lindsay Dunn to show cause as to why this claim should not be dismissed for lack of jurisdiction. (*Id.* at 9-10.) Because the court cannot consider the merits of a claim that it does not have jurisdiction over, it declined to address the timeliness of the alternative handling claim in its Rule 12(b)(6) analysis. (*See id.* at 19.) The court recognizes, as BNSF points out, that two other adverse actions that occurred on the same day are time-barred (*see* Mot. at 3; Order at 19-21), but until the court establishes jurisdiction over the alternative handling claim, it cannot, as BNSF requests, grant dismissal on the merits.

Because BNSF has not made a showing of manifest error in the court's prior ruling or brought to the court's attention any new facts or legal authority, the court DENIES BNSF's motion for partial reconsideration (Dkt. # 24).

Dated this 7th day of September, 2017.

JAMES L. ROBART
United States District Judge

ORDER - 2